**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123044

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eva's Photography Inc., | |
| Plaintiff, | Case No: |
| v. | **COMPLAINT** |
| Styleguise, Inc., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Eva's Photography Inc. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Styleguise, Inc. ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1.     This action seeks to recover damages for copyright infringement.

2.     Plaintiff herein provides entertainment-related photojournalism goods and services and owns the rights to photographs featuring celebrities which Plaintiff licenses to online and print publications.

3.     Defendant owns and operates a social media account with name of "thestyleguise" on Instagram (the "*Account*").

4.     Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on the Account

and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## **PARTIES**

5.     Plaintiff Eva's Photography Inc. is a New York corporation with a principal place of business at 8538 112 Street, Richmond Hill, Queens in New York City, New York.

6.     Upon information and belief, Defendant Styleguise, Inc., is a California corporation with a principal place of business at 1201 5th Street, Manhattan Beach in Los Angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## **JURISDICTION AND VENUE**

7.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8.     This Court has personal jurisdiction over Styleguise, Inc. because it maintains its principal place of business in California.

9.     Venue is proper under 28 U.S.C. §1391(a)(2) because Styleguise, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## **FACTS COMMON TO ALL CLAIMS**

10.     The principal of Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which it licenses to online and print publications.

11.     Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

PLAINTIFF'S COMPLAINT

13.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14.     The Account is associated with Defendant.

15.     Defendant has exclusive access to post content on Defendant's Account.

16.     Defendant uses the Account to promote its business.

17.     On April 12, 2021, Plaintiff authored several photographs of Rosie Huntington ("*Photograph 1-2*"). A copy of Photograph 1 and 2 is attached hereto collectively as Exhibit 1 (*Exhibit 1-Photograph #1-2*).

18.     Plaintiff applied to the USCO to register Photograph 1 and 2 on or about May 24, 2021 under Application No. 1-10405530945.

19.     Photograph 1 and 2 was registered by the USCO on May 24, 2021 under Registration No. VA 2-249-366.

20.     On April 28, 2021, Plaintiff observed Photograph 1 and 2 on the Account in a post dated April 12, 2021. A copy of the screengrab of the Account including Photograph 1 and 2 is attached hereto collectively as Exhibit 2. (*Exhibit 2-Infringement #1-2*)

21.     Copies of Photograph 1 and 2 were stored and displayed on Defendant's Instagram Account at www.instagram.com at the following URL: https://www.instagram.com/p/CNlP8XagC2s/.

22.     On April 23, 2021, Plaintiff authored a photograph of Bella Hadid ("*Photograph 3*"). A copy of Photograph 3 is attached hereto collectively as Exhibit 1 (*Exhibit 1-Photograph #3*).

23.     Plaintiff applied to the USCO to register Photograph 3 on or about April 28, 2021 under Application No. 1-10492813493.

24.     Photograph 3 was registered by the USCO on April 28, 2021 under Registration No. VA 2-254-286.

25.     On April 28, 2021, Plaintiff observed Photograph 2 on the Account in a post dated April 24, 2021. A copy of the screengrab of the Account including Photograph 3 is attached hereto collectively as Exhibit 2 (*Exhibit 2- Infringement #3*).

26.     A copy Photograph 3 was stored and displayed on Defendant's Instagram Account at www.instagram.com at the following URL: https://www.instagram.com/p/CODtEOUgW1L/.

27.     On April 23, 2021, Plaintiff authored a photograph of Gigi Hadid ("*Photograph 4*"). A copy of Photograph 4 is attached hereto collectively as Exhibit 1 (*Exhibit 1-Photograph #4*).

28.     Plaintiff applied to the USCO to register Photograph 4 on or about May 24, 2021 under Application No. 1-10492813493.

29.     Photograph 4 was registered by the USCO on May 24, 2021 under Registration No. VA 2-254-286.

30.     On April 28, 2021, Plaintiff observed Photograph 4 on the Account in a post dated April 24, 2021. A copy of the screengrab of the Account including Photograph 4 is attached hereto collectively as Exhibit 2 (*Exhibit 2-Infringement #4*).

31.     A copy of Photograph 4 was stored and displayed on Defendant's Instagram Account at www.instagram.com at the following URL: https://www.instagram.com/p/CODtEOUgW1L/.

32.     Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed each of Plaintiff's copyright protected photographs (hereinafter collectively referred to as "*Photographs*") as are set forth in Exhibit "1" on the Account.

33.     Upon information and belief, Defendant's selection of each of Plaintiff's Photographs for use in the Infringements occurred in response to each

PLAINTIFF'S COMPLAINT

image depicting a celebrity wearing Defendant's products.

34.    Upon information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

35.    Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

36.    Each Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Account.

37.    Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

38.    Upon information and belief, the Photographs were willfully and volitionally posted to the Account by Defendant.

39.    Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

40.    Upon information and belief, Photograph 3 and 4 were readily identifiable as copyright protected as they contained a copyright watermark on the image, thereby making their infringement willful as a matter of law.

41.    Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Account.

42.    Upon information and belief, Defendant has the legal right and

ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

43.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

44.     Upon information and belief, the Infringements increased traffic to the Account and, in turn, caused Defendant to realize an increase in its service revenues and/or merchandise sales.

45.     Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Account.

46.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

47.     Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

48.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## **FIRST COUNT**
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

49.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

50.     The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

51.     Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

52.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly

PLAINTIFF'S COMPLAINT

displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

53.    Defendant's reproduction of the Photographs and display of the Photographs on the Account constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

54.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

55.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

56.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

57.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

      a.    finding that Defendant infringed upon Plaintiff's copyright interest in the Photographs by copying and displaying without a license or consent;

PLAINTIFF'S COMPLAINT

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.    for pre judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

DATED: September 24, 2021

**SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123044

*Attorneys for Plaintiff*